UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAR PO KWE,[1]

    Petitioner,

v.

SECRETARY OF DEPARTMENT OF
HOMELAND SECURITY, et al.,

    Respondents.

CIVIL NO. 18-1979 (DSD/DTS)

ORDER and
REPORT AND RECOMMENDATION

On July 13, 2018 Lar Po Kwe filed a Petition for a Writ of Habeas Corpus challenging his continued detention pending deportation. Docket No. 1. On August 21, 2018 the Government filed a response stating that he had been deported on August 20, 2018, and thereafter filed a copy of the executed Warrant of Removal/Deportation. Response, Docket No. 9; Voss Second Decl. ¶ 3 and Ex. 2 (executed Warrant of Removal/ Deportation), Docket Nos. 13, 13-1.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (omission in original) (internal quotation marks omitted). Mootness deprives the Court

---

[1] The Order below directs the Clerk to correct Petitioner's name in the case caption. The correct name is Lar Po Kwe (not Kwe Lar Po). Although two different names appear in the habeas petition [Docket No. 1], Lar Po Kwe is the name in the immigration records provided to the Court and on the executed warrant of removal. *See* Docket Nos. 1-1, 10-1, 13-1.

of the power to act; there is nothing for the Court to remedy.  *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Lar Po Kwe has been deported, and his habeas petition is thus moot.  *See Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.,* No. 10-cv-292, 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe [petitioner's] request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of [petitioner] from the United States renders any such claim moot.") (citing cases).  Mootness deprives the Court of jurisdiction in this action.

## ORDER

For the reasons stated in footnote 1 above, the Clerk is directed to correct the Petitioner's name to Lar Po Kwe.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Lar Po Kwe's Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED AS MOOT.

2. This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated:  September 6, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).